UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TREVA PHELAN,                          )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )    Case No. CIV-21-921-P
                                       )
KILOLO KIJAKAZI,                       )
Acting Commissioner of the             )
Social Security Administration,        )
                                       )
    Defendant.                         )

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is reversed and remanded for further administrative review.

I.    Administrative History and Agency Decision

Plaintiff protectively filed her application for DIB on September 27, 2019, and for SSI on February 21, 2020, alleging disability began on February 25, 2017. AR 20. The claim was denied initially and on reconsideration. Plaintiff and a vocational expert ("VE") appeared and testified at a telephonic hearing before an

Administrative Law Judge ("ALJ") on December 16, 2020. AR 32-55. The ALJ issued an unfavorable decision on February 2, 2021. AR 17-27.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 25, 2017, the alleged onset disability date. AR 22. At the second step, the ALJ found Plaintiff had the following severe impairments: osteoarthritis, rheumatoid arthritis, and obesity. *Id.* At the third step, the ALJ found Plaintiff's impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 23.

At step four, the ALJ found Plaintiff had the residual functional capacity to perform a full range of sedentary work. *Id.* Additionally, the ALJ, relying on the VE's testimony, determined Plaintiff could not perform her past relevant work. AR 26. At step five, based on Plaintiff's ability to perform a full range of sedentary work, the ALJ applied the Medical Vocational Guidelines ("the Grids") and concluded Plaintiff was not disabled from February 25, 2017 through the date of the decision. *Id.*

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II.     Standard of Review

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last no less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether Defendant's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other

3

evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted). The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing, *e.g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

### III. <u>Issue</u>

Plaintiff raises two issues on appeal. First, Plaintiff argues the ALJ's statement that her past relevant work was unskilled was error. Doc. No. 16 ("Op. Br.") at 3-4. Second, Plaintiff's primary issue on appeal is based on her assertion that the ALJ failed to adequately consider her use of a cane. *Id.* at 4-10.

### IV. <u>Analysis</u>

During the administrative hearing, Plaintiff testified that she always uses a cane for ambulation, especially if she has to be out of her house. AR 43. The ALJ did not include any limitations in the RFC related to the necessity of using a cane. AR 23. Additionally, because the ALJ determined Plaintiff could perform a full range of sedentary work without nonexertional limitations, such as use of an ambulatory assistive device, the ALJ relied on the Grids to find Plaintiff was not disabled. AR 26.

In his decision, the ALJ specifically noted Plaintiff's testimony that she "walks with a cane at all times," as well as addressing Plaintiff's various additional subjective reports. AR 24. On appeal, Plaintiff complains the ALJ uses mere boilerplate language to 'dismiss' Plaintiff's testimony regarding her cane use. Op. Br. at 5. While the Court disagrees with Plaintiff's characterization, the decision must be reversed based on the ALJ's failure to discuss Plaintiff's cane use.

In finding Plaintiff's testimony is not entirely consistent with the record, the ALJ did begin with what Plaintiff references as "boilerplate language," stating generally that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms," however, her statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with" the record. *Id.* However, the ALJ's analysis does not end there.

The ALJ thoroughly reviewed Plaintiff's medical record, including those related to the conditions affecting her back and knees. AR 24-25.

> Although treatment records indicate degenerative changes of the left knee, this does not mean the claimant can only stand for 10 minutes at one time. The undersigned considered the claimant's knee problems and obesity in limiting the claimant to sedentary work because such work does not require an individual to stand and walk more than 2 hours in an 8 hour workday. The undersigned did not see any medical evidence that supported the claimant is unable to do the limited standing and walking required by sedentary work.

*Id.* (citation omitted). The ALJ also noted Plaintiff had been doing well on medication intended to alleviate her rheumatoid arthritis since 2017 and that

5

Plaintiff's report of weather changes and more strenuous activity aggravating her symptoms was addressed by the limitation to sedentary work that "is usually performed inside." AR 25. "Records from April 2017 indicate that overall, her inflammatory arthritis seemed to be better although she still complained of significant pain diffusely with severe exacerbations. That being said, when examined, her provider noted that pain was actually much less than previous visits and there was no evidence of active synovitis." *Id.* (citation omitted).

The ALJ discussed a lumbar spine MRI that did not show significant spinal canal stenosis or neural foraminal narrowing, though May 2020 records noted rheumatoid arthritis and chronic back pain resulting from degenerative disease and osteoarthritis, and a July 2020 cervical CT scan showed upper cervical degenerative changes. *Id.* The ALJ also noted Plaintiff had reported swelling in her wrists, hands, and knees. *Id.* However, upon examination, Plaintiff could move all extremities, there was no evidence of joint inflammation per a video examination, she had normal range of motion, and there was no indication of fine manipulative limitations. *Id.*

Thus, in considering consistency, the ALJ clearly discussed Plaintiff's medical records beyond mere boilerplate language. However, he did not discuss Plaintiff's use of a cane.

Defendant does not directly dispute the fact that the ALJ failed to discuss Plaintiff's use of a cane. Instead, she argues the medical record does not support a finding that the cane is medically necessary. Doc. No. 20 at 6. She asserts that the record only includes two mentions of Plaintiff using a cane and there are no indications that a cane was prescribed. *Id.* While accurate, the ALJ does not discuss either of these assertions. The ALJ did not state or indicate that the medical record did not support Plaintiff's frequent use of a cane, nor that a cane was medically necessary. The Court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007). Acceptance of Defendant's argument would require the Court to speculate in exactly the manner the prohibition on post-hoc rationalizations is designed to avoid. *See, e.g., Allen*, 357 F.3d at 1142 (holding that district court's "post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process").

The ALJ relied on facts in assessing Plaintiff's symptoms and consistency that did not necessarily undermine her use of a cane. Thus, affirming the decision would require the Court to speculate on the ALJ's decision that an ambulatory device was unnecessary. *See Crumb v. Berryhill*,

No. CIV-17-354-STE, 2017 WL 5473924, at *5 (W.D. Okla. Nov. 14, 2017) (finding ALJ erred in determining the RFC by failing to discuss the reason he rejected the plaintiff's testimony regarding, *inter alia*, her use of a cane); *Hawkins v. Colvin*, No. CIV–14–1024–R, 2015 WL 9312102, at *5 (W.D. Okla. Dec. 1, 2015) (affirming credibility findings and RFC that did not include requirement of cane use where the ALJ noted that "the cane is not prescribed and, more significantly, when the Oklahoma City Cooperative Disability Investigation Unit [] interviewed Plaintiff at his home, it observed Plaintiff stood, sat, and walked without any apparent difficulty; exhibited a normal gait; did not appear to require a cane; and showed no signs of pain or discomfort"); *Beasley v. Astrue*, No. CIV–11–703–F, 2012 WL 668816, at *3 (W.D. Okla. Jan. 27, 2012) (affirming credibility findings, including rejecting the plaintiff's claim that a cane was medically necessary where the ALJ "noted that, although Plaintiff stated she needed a cane for walking, no medical provider had prescribed a cane for Plaintiff and an examining physician had observed Plaintiff was able to walk without the need of any assistive device"); *cf., Borgsmiller v. Astrue*, 499 F. App'x 812, 819 (10th Cir. 2012) ("[A]lthough the ALJ tied her credibility finding to some specific evidence in the record, we conclude none of the evidence relied upon . . .

8

provides substantial evidence that [the plaintiff's] complaints of pain were incredible." (citation omitted)).

Based on the ALJ's failure to discuss Plaintiff's testimony regarding her use of a cane, the Court is unable to evaluate Plaintiff's argument regarding whether the RFC should have included limitations related to her use of a cane. That issue can only be determined on remand.[1]

V. Conclusion

Based on the foregoing analysis, the decision of Defendant is reversed and remanded for further administrative proceedings consistent with this Order. Judgment will issue accordingly.

ENTERED this   27th    day of June, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

---

[1] Based on this ruling, it is unnecessary to address the remaining argument Plaintiff raised on appeal. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").